TARA J. ELLIOTT
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
105 E. Pine, 2nd Floor
Missoula, MT 59802
Phone: (406) 542-8851
FAX: (406) 542-1476
Email: tara.elliott@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA



**FILED**

MAY 0 7 2015

Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 15-01-M-DLC |
| vs. | **PLEA AGREEMENT** |
| KENNETH MARTIN CHANDLER, Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, by Tara J. Elliott, Assistant United States Attorney for the District of Montana, and the defendant, Kenneth Martin Chandler, and his attorney, Michael Donahoe, have agreed upon the following:

1 AUSA DEF ATTY Date

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and defendant. It does not bind any other federal, state or local prosecuting, administrative or regulatory authority, or the United States Probation Office.

2. **Charges:** Defendant agrees to plead guilty to Count III which charges the crime of distribution of methamphetamine in violation of 21 U.S.C. § 841(a) which carries a mandatory minimum term of imprisonment of five to 40 years, a $5,000,000 fine, four years supervised release, and a $100 special assessment.

3. **Nature of the Agreement:** The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by: Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided a) the United States moves to dismiss, and the Court agrees to dismiss, Counts I, II, and IV of the Indictment and does not pursue other charges against the defendant, and b) makes the recommendations provided below. The defendant understands that if the agreement is accepted by the Court, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

2   AUSA  DEF  ATTY  Date

4. **Admission of Guilt:** The defendant will plead guilty because defendant is in fact guilty of the charge contained in Count III of the Indictment. In pleading guilty, the defendant acknowledges that:

**Count III:**

First, the defendant intentionally delivered methamphetamine to another person; and

Second, the defendant knew that it was methamphetamine or some other prohibited drug.

Third, the defendant delivered more than 5 grams of actual methamphetamine.

5. **Waiver of Rights by Plea:**

(a) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement that the defendant gives under oath during plea colloquy.

(b) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c) The defendant has the right to a jury trial unless the defendant, by written waiver, consents to a non-jury trial. The government must also

3  AUSA  DEF  ATTY  Date

consent and the court must approve a non-jury trial.

(d) The defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

(e) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and defense attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(g) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defense

TJE  KC  JS  4-4-15
AUSA  DEF  ATTY  Date

attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on the defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the court.

(h) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from refusal to testify. Or the defendant could exercise the choice to testify on his or her own behalf.

(i) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle the defendant to reversal of the conviction.

(j) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, *Federal Rules of Criminal Procedure*. By execution of this agreement, the defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

The defendant understands that by pleading guilty pursuant to this agreement, defendant is waiving all the rights set forth in this paragraph. The

|  TJE  |  KC  |  *signature*  |  4-28-15  |
|  AUSA  |  DEF  |  ATTY  |  Date  |

5

defendant's attorney has explained these rights and the consequences of waiving these rights.

6. **Recommendations:** The United States will recommend the defendant be given three points for acceptance of responsibility if appropriate under the Guidelines unless the defendant is found to have obstructed justice prior to sentencing, USSG § 3C1.1, or acted in anyway inconsistent with acceptance of responsibility.

The parties reserve the right to make any other arguments at the time of sentencing. Defendant understands that the court is not bound by this recommendation.

7. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8. **Waivers:** The defendant acknowledges that 18 U.S.C. § 3742 affords him the right to appeal the sentence imposed in this case. In consideration for the government's concessions in this agreement, the defendant waives any and all right to directly appeal the sentence. The defendant also agrees to waive his right to collaterally attack the judgment or sentence pursuant to 28 U.S.C. § 2255. This waiver does not prohibit his right to pursue or maintain such an action arising

from facts not known or reasonably capable of being known at the time of his entry of guilty plea, or alleging that he received ineffective assistance of counsel.

9. **Voluntary Plea:** The defendant and defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

10. **Detention/Release After Plea:** The defendant acknowledges that he will be detained upon conviction.

11. **Breach:** If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

12. **Loss of Federal Benefits:** The defendant acknowledges that, based on his plea of guilty to a federally controlled substances crime, he is no longer eligible for assistance under any state program funded under Part A of Title IV of the Social Security Act or benefits under the Food Stamp Act. 21 U.S.C. § 862a. The court may also deny the defendant eligibility to participate in any federal grant, contract, loan, professional license, or commercial license. 21 U.S.C. § 862.

13. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

**MICHAEL W. COTTER**
**United States Attorney**

_____  5/6/15
Tara J. Elliott                 DATE
Assistant U. S. Attorney

_____  4-28-15
Kenneth Martin Chandler         DATE
Defendant

_____  5-5-15
Michael Donahoe                 DATE
Defense Counsel

8    TJE    KC    (initials)   4-28-15
     AUSA   DEF   ATTY         Date